UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MULLINGS, et al.

Plaintiffs,

- against -

DIRECTV, INC., et al.

Defendants.

Case No. 14 CV 05743 (PKC)

**ELECTRONICALLY FILED**

**PLAINTIFFS' UNOPPOSED MOTION
FOR LEAVE TO FILE EXHIBITS UNDER SEAL IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO STRIKE**

Plaintiffs hereby respectfully move the Court for leave to file under seal certain documents marked confidential pursuant to the Court's protective order (Doc. 130) in conjunction with their Opposition to Defendants' motions to strike.

**RELEVANT PROCEDURAL BACKGROUND**

On April 26, 2017, Defendants and the Plaintiffs (collectively the "Parties") entered into a Stipulated Protective Order (the "Protective Order") whereby the Parties agreed, in connection with discovery in this action, to designate certain documents as "Confidential." A description of the documents that would necessitate a "Confidential" designation was provided in the Stipulated Protective Order. Specifically, the Parties agreed that the following documents contained confidential information:

> [P]rivate and personal information relating to current and former employees or contractors of any Defendant; personnel or employment records, including salary information, relating to employees of any Defendant; trade secrets; information that reveals trade secrets; research, proprietary, non-public business technical, commercial or financial information that any party has maintained as confidential; medical information concerning any individual; personal identity information; income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; information or documents any party has submitted to any federal or state agency; names, contact information, financial information, or other personal

information or documents concerning customers of any party.
*Id.*

On April 26, 2017, the Parties also submitted a joint letter to the Court setting forth the legal and factual basis for the Protective Order. Doc. 129. On May 1, 2017, the Court entered the Protective Order. Doc. 130.

Here, Plaintiffs seek to file several documents that have been marked "Confidential" by Defendants and included in the definition of confidential documents set forth in the Protective Order. Defendants do not oppose this Motion.

## LEGAL AUTHORITY

Both the United States Supreme Court and the Second Circuit have recognized that the need to protect confidential information can outweigh the presumptive public right of access to judicial documents. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978); *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir. 2006). Specifically, both courts have recognized that such confidential information includes "business information that might harm a litigant's competitive standing." *Nixon,* 435 U.S. at 598; *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.,* 347 Fed. App'x 615, 617 (2d Cir. 2009); *see also Fox News Network v. U.S. Dep't of Treas.,* 739 F. Supp. 2d 515, 571 (S.D.N.Y. 2010) (holding that internal documents and drafts containing non-public strategies are confidential). In addition, "courts have generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential for harm or embarrassment if the information they contain is revealed." *Duling v. Gristede's Operating Corp.,* 266 F.R.D. 66, 72-73 (S.D.N.Y. 2010).

The Second Circuit recognizes that the public has both a "common law right of access" and a "qualified First Amendment right of access" to judicial documents such as trial exhibits. *See Lugosch,* 435 F.3d at 119-125. The Second Circuit uses two separate tests to determine whether the need to protect confidential business information outweighs each of these separate rights. *Id.* Accordingly, this Court has discretion to seal the non-

redacted versions of the exhibits in question under either test. *See Standard Inv. Chartered, Inc.,* 347 Fed. App'x at 617.

In assessing the "common law right of access," the Second Circuit applies a balancing test to determine whether the presumption of access outweighs any "competing considerations" against it. *Lugosch,* 435 F.3d at 119-120. This balancing test involves first determining the weight of the presumption of access by assessing the "role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.; United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995). Documents that "play only a negligible role in the performance of Article III duties" are entitled to very low weight. *Amodeo,* 71 F.3d at 1050. Finally, courts must balance any countervailing factors — such as the privacy interests of those resisting disclosure — against the weighted presumption of access. *Id.* Privacy interests include protection from "[c]ommercial competitors seeking an advantage over rivals" who "need not be indulged in the name of monitoring the courts." *Id.; see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 606, 612 (S.D.N.Y. 1998) (finding that "the harm to defendants' competitive position that would result from disclosure outweighs the interest in public access"). A court may determine that redaction of a document best satisfies this balancing test. *See Amodeo,* 71 F.3d at 1047-48.

In assessing the "qualified First Amendment right of access," the Second Circuit applies a test that allows exhibits to be sealed where sealing is (1) "necessary to preserve higher values" and (2) "narrowly tailored to achieve that aim." *Id.; Lown v. The Salvation Army, Inc.,* 2012 WL 34888534, at *1 (S.D.N.Y. 2012). Protection of competitively sensitive information or trade secrets is one such "higher value" that may justify the sealing of documents. *Standard Inv. Chartered, Inc.,* 347 Fed. App'x at 617; *Avocent Redmond Corp. v. Raritan Americas, Inc.,* 2012 WL 3114855, at *15-16 (S.D.N.Y. July 31, 2012) (Castel, J.). In these instances, sealing documents is necessary to prevent significant competitive disadvantages that would arise from competitors' adverse use of

the information sought to be sealed. *Standard Inv. Chartered, Inc.,* 347 Fed. App'x at 617; *Avocent Redmond Corp.,* 2012 WL 3114855. If the more stringent "qualified First Amendment right of access" test is met, so is the "common law right of access" test. *See Lugosch,* 435 F.3d at 126 (overcoming the First Amendment, as opposed to the common law right of access, presumption presents a "higher burden").

## DISCUSSION

The documents requested to be filed under seal include certain documents produced by Defendants and deposition transcripts of Defendant witnesses that have been designated confidential. Defendants claim a privacy interest in protecting commercially sensitive business information and Plaintiffs' privacy interest in protecting information contained in the documents satisfy the Second Circuit's "common law right of access" balancing test. As noted by Defendants, several other Courts have accepted evidence of this type under seal. And as noted by Court in its Order provisionally granting Defendants' motion to file under seal, "[t]he Court retains its authority to instruct that such documents be publicly filed if it later concludes that they do not overcome the presumption of public access under United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 1995)."

Based on the foregoing, Plaintiffs now seek to file the following documents under seal:

| Exhibit No. | Description |
|---|---|
| 3 | Excerpts from the Deposition of Kyle Wells taken November 11, 2015 |
| 5 | Excerpts from the Deposition of Kyle Wells taken May 24, 2016 |
| 6 | Excerpts from the Deposition of Mary Ellen Baumgardt taken July 13, 2011 |
| 7 | Thumb Drive of electronically produced spreadsheet documents summarized by the Declaration of Crystal Cook |
| 8 | Excerpts from the Deposition of David Baker taken March 22, 2017 |

## CONCLUSION

Because both good cause and compelling reasons in favor of sealing exist, Plaintiffs' respectfully requests the Court enter an Order in the form attached hereto granting Plaintiffs' Unopposed Motion to Seal.

Dated: October 6, 2017                                  Respectfully submitted,

**LEAR WERTS LLP**

/s/ Todd C. Werts
Todd C. Werts, Pro Hac Vice
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone: 573-875-1991
Facsimile: 573-875-1985
Email: werts@learwerts.com
Email: lear@learwerts.com

**STUEVE SIEGEL HANSON**
George A. Hanson, Pro Hac Vice
460 Nichols Road, Ste. 200
Kansas City, MO 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: hanson@stuevesiegel.com

**STUEVE SIEGEL HANSON**
Darren Kaplan
1359 Broadway, Suite 2001
New York, NY 10018
Telephone: 212-999-7370
Facsimile: 646-390-7410
kaplan@stuevesiegel.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system on October 6, 2017, which sent notice of filing to all counsel of record.

/s/ Todd C. Werts
*Attorney for Plaintiffs*
